# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD J. MIGYANKO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION, d/b/a/ KOHL'S,<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Ronald J. Migyanko ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Kohl's Corporation ("Defendant" or "Kohl's"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and its implementing regulations (the "ADA"), for declaratory and injunctive relief, attorneys' fees, and expenses.

## INTRODUCTION

1.     Defendant's Pennsylvania Kohl's retail stores are cluttered with merchandise, merchandise displays, and other items that block or narrow interior aisle pathways.

2.     Although cluttered and blocked aisles may only be a mild inconvenience for some people, for Plaintiff and others who use a wheelchair or other device for mobility, the congestion results in unlawful access barriers and consequently a deprivation of basic civil rights guaranteed to people with disabilities by the ADA.

3.     During Plaintiff's visits to Defendant's stores, he has been repeatedly denied full and equal access as a result of accessibility barriers existing in interior paths of travel. These access barriers include but are not limited to: merchandise, merchandise displays, stocking carts, boxes,

and/or other items, positioned so that they impermissibly block or narrow the aisle pathways such that there is less than thirty-two inches of clearance. Plaintiff has encountered the same types of barriers on multiple occasions and has been repeatedly deterred from returning as a result. These conditions violate the ADA and deny Plaintiff's equal access to Kohl's stores.

4.      The access barriers at issue in this matter are not temporary and isolated. They are systemic, recurring, and reflective of Defendant's policies and practices.

5.      This action is not about a single specific barrier that Plaintiff has encountered – rather, this action seeks to address the persistently inaccessible conditions of Defendant's stores that are occurring because of Defendant's practices and policies of cluttering its stores with merchandise and other items within interior paths of travel. Plaintiff is putting Kohl's on notice that its stores' conditions are inaccessible because of the many types of access barriers that are present, persisting, and reoccurring within its Pennsylvania stores

6.      Counsel for Plaintiff has overseen an investigation into Defendant's Pennsylvania-based stores which has confirmed the widespread existence of interior access barriers that are the same as, or similar to, the types of barriers directly experienced by Plaintiff.

7.      Plaintiff asserts that the inaccessible conditions found in Defendant's Pennsylvania stores are a function of Defendant's regional policies, procedures, and practices.

8.      Upon information and belief, Defendant facilitates the messy conditions within its Pennsylvania-region stores based on a calculated judgment that doing so will increase sales revenues and profits.

9.      Defendant facilitates the positioning of merchandise, merchandise displays, and/or other items, so that they block or narrow the aisles pathways of its Pennsylvania-region stores. This is done to encourage sales, to maximize limited retail floor space, and to minimize operational

burdens and costs. However, all this comes at the expense of basic civil rights for people with disabilities.

10. In accordance with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

a) Defendant remediate all interior path of travel access barriers at Defendant's Pennsylvania stores, or Defendant's stores in the operational region encompassing Pennsylvania, consistent with the ADA;

b) Defendant change its policies and practices to ensure its Pennsylvania stores, or Defendant's stores in the operational region encompassing Pennsylvania, are fully accessible to, and independently usable by, individuals who use wheelchairs or scooters; and

c) Plaintiff's representatives shall monitor Defendant's Pennsylvania stores, or Defendant's stores in the operational region encompassing Pennsylvania, to ensure that the injunctive relief ordered pursuant to this Complaint has been implemented and will remain in place.

## OVERVIEW OF APPLICABLE LAW

11. The ADA requires Kohl's to provide individuals who use wheelchairs or scooters with the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, and further requires that when Kohl's stores are open to the public, they must be "readily accessible". 42 U.S.C. §§ 12182(a) and 12183.

12. In order for Kohl's stores to be "readily accessible" under Title III of the ADA, merchandise on fixed aisle shelving must be located on an accessible route. The applicable "accessible route" standards are set forth in the 2010 Standards at Section 403.5.1.

13.     ADA Figure 403.5.1 explains that an accessible route must be a minimum of 36 inches, but can be reduced to 32 inches for a length of no more than 24 inches (for example, doors) so long as the 32 inch segments are at least 48 inches apart. *See* ADA Figure 403.5.1 *available at* https://www.access-board.gov/guidelines-and-standards/buildings-andsites/about-the-ada-standards/ada-standards/chapter-4-accessible-routes

14.     The ADA requires reasonable modifications in policies, practices, or procedures when necessary to afford goods, services, facilities, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

15.     The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

## JURISDICTION AND VENUE

16.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

17.     Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

18.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

19.     Plaintiff Ronald J. Migyanko is, and at all times relevant was, a resident of Cranberry Township, Pennsylvania.

20.     Plaintiff has a mobility disability, is substantially limited in the major life activity of walking, and uses a wheelchair for mobility. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

21.     Plaintiff is a regular customer of Defendant's stores who desires equal access to Defendant's goods and services. Plaintiff is also serving as a tester in this matter, in that he is actively seeking to hold Kohl's accountable by observing the inaccessibility of its stores. *See, e.g., Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211-12 (10th Cir. 2014); *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 457 (4th Cir. 2017); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1102 (9th Cir. 2017); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372-74 (1982).

22.     Defendant Kohl's Corporation is a Wisconsin corporation, and is headquartered at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

23.     On information and belief, there are approximately fifty Kohl's stores in Pennsylvania.

24.     Defendant's Kohl's stores are places of public accommodation pursuant to 42 U.S.C. §12181(7).

**FACTUAL ALLEGATIONS**

**I.     Plaintiff Has Been Denied Full and Equal Access to Defendant's Stores.**

25.     Plaintiff resides in Cranberry Township, Pennsylvania, a little less than -- miles from Defendant's Kohl's store located at 1717 PA-228, Cranberry Twp, PA 16066 (the "Cranberry Store").

26.     Plaintiff has shopped at Kohl's in the past, and most recently visited the Cranberry Store in December 2019.

27.     During Plaintiff's visits to the Cranberry Store, including during his most recent visit, he has repeatedly encountered interior access barriers within the store, including but not limited to merchandise, merchandise displays, boxes, and stocking carts, which narrowed interior paths of access to less than thirty-two inches in width. These barriers precluded Plaintiff's equal access to Defendant's goods and services in violation of the ADA's equal access mandate, generally, and the requirements of the 2010 Standards Section 403.5.1. Plaintiff would shop at Defendant's stores more often, and with less difficulty, if Defendant's stores were readily accessible.

28.     A separate investigation of the Cranberry Store, conducted on behalf of Plaintiff, revealed the same types of access barriers that Plaintiff has repeatedly encountered, that narrow the pathway to less than thirty-two inches in width, as depicted in the images below:



*Figure 1 – Kohl's, Cranberry Store*



*Figure 2 – Kohl's, Cranberry Store*



*Figure 3 – Kohl's, Cranberry Store*

29.     The barriers depicted above illustrate some, but not all, of the types of interior access barriers at Defendant's stores. Collectively, these barriers impeded Plaintiff's access to Defendant's stores.

30.     As a result of Defendant's non-compliance with the ADA, Plaintiff's rights to full and equal, non-discriminatory, and safe access to Defendant's goods and facilities has been denied.

31.     Plaintiff will be deterred from returning to and fully and safely accessing Defendant's facilities so long as Defendant's stores remain non-compliant, and so long as Defendant continues to employ the same policies, procedures, and practices that have led, and in the future will lead, to inaccessibility at Defendant's Pennsylvania stores.

32.     Nonetheless, Plaintiff would like to continue to visit Defendant's stores, both to attempt to access goods and services in those stores and to survey the stores for compliance with the ADA.

33.     Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendant's facilities in violation of his rights under the ADA.

34.     As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether public accommodations, like Kohl's, have access barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

## II.     Defendant Denies Individuals With Disabilities Full and Equal Access to its Stores.

35.     Defendant is engaged in the ownership, management, operation, and development of, upon information and belief, fifty Kohl's stores in Pennsylvania.

36.    A sampling investigation of Defendant's Pennsylvania-based Kohl's locations was conducted and revealed the same inaccessible conditions that were present in the Cranberry Store were also present in the following stores:

a)  1745 S Easton Rd, Doylestown, PA 18901;

b)  1067 W Baltimore Pike, Media, PA 19063;

c)  1261 Quentin Rd, Lebanon, PA 17042;

d)  1301 Skippack Pike, Blue Bell, PA 19422;

e)  1641 Big Oak Rd, Yardley, PA 19067;

f)  1800 Loucks Rd, York, PA 17408;

g)  1906 Keystone Dr, Erie, PA 16509;

h)  226 Westminster Dr, Carlisle, PA 17013;

i)  229 W Lincoln Hwy, Exton, PA 19341;

j)  2325 Street Rd, Bensalem, PA 19020;

k)  2333 W Welsh Rd, Landsdale, PA 19446;

l)  2334 Oakland Ave #112, Indiana, PA 15701;

m) 2350 Lincoln Hwy E, Lancaster, PA 17602;

n)  250 West Chester Pike, Havertown, PA 19083;

o)  2600 Pleasant Valley Rd, York, PA 17402;

p)  2700 Papermill Rd, Reading, PA 19610;

q)  3457 Lincoln Hwy, Thorndale, PA 19372;

r)  351 W Schuylkill Rd, Pottstown, PA 19465;

s)  353 Washington Rd, Washington, PA 15301;

t)  360 Eisenhower Dr, Hanover, PA 17331;

    u)  3624 William Penn Hwy, Monroeville, PA 15146;

    v)  4000 Oxford Dr, Bethel Park, PA 15102;

    w)  405 Baltimore Pike, Morton, PA 19070;

    x)  4801 McKnight Rd, Pittsburgh, PA 15237;

    y)  5125 Jonestown Rd, Harrisburg, PA 17112;

    z)  5357 William Flinn Hwy, Gibsonia, PA 15044;

    aa) 570 S Hermitage Rd, Hermitage, PA 16148;

    bb) 6444 Carlisle Pike, Mechanicsburg, PA 17050;

    cc) 6571 Steubenville Pike, Pittsburgh, PA 15205;

    dd) 700 Butler Crossing, Butler, PA 16001;

    ee) 8500 Henry Ave, Philadelphia, PA 19128;

    ff)  88 Rocky Rd, North Huntingdon, PA 15642;

    gg) 918 W Street Rd, Warminster, PA 18974;

    hh) 955 Norland Ave, Chambersburg, PA 17201;

    ii)  97 Wagner Rd, Monaca, PA 15061;

    jj)  989 S Township Line Rd, Royersford, PA 19468; and,

    kk) 9911 Mountain View Dr, West Mifflin, PA 15122.

37.    The barriers usually take the form of merchandise and merchandise displays. Additionally, in some cases, merchandise and/or displays are positioned near architectural fixtures, such as columns, in a manner that creates inaccessible conditions.

38.    Below are representative exemplar images of the types of barriers which narrow paths to less than thirty-two inches in width that are routinely and persistently occurring at Kohl's Pennsylvania stores:



*Figure 4 – Kohl's – Merchandise and displays narrowing aisle.*



*Figure 5 – Kohl's – Merchandise displays narrowing aisle.*



*Figure 6 – Kohl's – Merchandise display positioned near fixed column narrowing aisle.*

39.     As the owner, operator, and manager of its properties, Defendant employs policies, practices, and procedures with regard to the operation of its stores.

40.     However, these policies, practices, and procedures are inadequate in that Defendant's stores are operated in violation of the accessibility requirements of Title III of the ADA.

41.     Plaintiff asserts, on information and belief, that Defendant is facilitating the discriminatory conditions within its Pennsylvania stores through the use of policies, procedures, and practices that are intended to encourage sales, maximize retail floor space, and to reduce operational burdens and/or costs.

III.    **Kohl's prioritizes profits over the rights of people by facilitating discriminatory conditions.**

42.    Kohl's positions merchandise and merchandise displays so that they block or narrow the aisle pathways of its stores.

43.    This practice is intentional, and driven by a calculated judgment that impeding interior paths of travel increases sales revenue and profits. *See, e.g.*, *Stuff Piled in the Aisle? It's There to Get You to Spend More*, The New York Times (April 7, 2011) ("As it turns out, the messier and more confusing a store looks, the better the deals it projects. Historically, the more a store is packed, the more people think of it as value — just as when you walk into a store and there are fewer things on the floor, you tend to think they're expensive") (internal citations omitted);[1] *see also, Why a Messy, Cluttered Store is Good for Business*, Time Magazine, (April 8, 2011).[2]

44.    Second, Kohl's relies on policies, practices, and procedures that ensure its stores will routinely and systematically become inaccessible because of excess merchandise and merchandise-related equipment that cannot be adequately stored, resulting in cluttered, messy, and inaccessible stores.

45.    In effect, the merchandise and merchandise displays Defendant requires its Pennsylvania Kohl's stores to carry is stored in a manner that creates persistent inaccessible conditions, such as impeded interior paths of travel.

46.    Kohl's also either fails to ensure that there is adequate retail floor space within its stores to accommodate the amount of merchandise that Kohl's ships to and requires its stores to

---

[1] Available at https://www.nytimes.com/2011/04/08/business/08clutter.html as of March 6, 2020.

[2] Available at http://business.time.com/2011/04/08/why-a-messy-cluttered-store-is-good-for-business/ as of March 6, 2020.

have on hand, or else intentionally overloads its stores limited floor space such that the stores develop inaccessible conditions.

47.     As experienced by Plaintiff, and demonstrated through the sampling investigation, an excess amount of merchandise and/or merchandise displays in Kohl's stores will overflow and occupy available retail space, particularly within aisles.

48.     These conditions evidence that Kohl's fails to ensure that its staff are adequately trained to ensure that its stores are readily accessible to individuals with mobility disabilities.

49.     The combined effect of these shortcomings, which are a function of Kohl's operations, is that Kohl's stores are routinely and persistently inaccessible, cluttered with merchandise and other items that blocks interior paths of travel.

50.     As evidenced by the widespread inaccessibility of Defendant's Pennsylvania stores visited by Plaintiff and demonstrated by the sampling investigation, absent a change in Defendant's regional policies and practices, access barriers are likely to reoccur in Defendant's Pennsylvania stores even after they have been remediated in the first instance.

51.     Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's Pennsylvania Kohl's stores and an injunction to modify the policies and practices that have created or allowed, and will create or allow, access barriers in Defendant's Pennsylvania-region stores.

## CLASS ALLEGATIONS

52.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(2), individually and on behalf of the following class:

> All persons with qualified mobility disabilities who have attempted, or will attempt, to access the interior of any store owned or operated by Defendant within Pennsylvania, or, in the alternative, the operational

region encompassing Defendant's Pennsylvania stores, and have, or will have, experienced access barrier(s) in interior paths of travel.

## NUMEROSITY

53.     The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court, and will facilitate judicial economy.

54.     The most currently available population statistics demonstrate that there are between 14.9 million to 20.9 million persons with mobility disabilities who live in the United States.[3]

55.     There are approximately 50 Kohl's stores in Pennsylvania, and given the sheer number of persons with mobility disabilities in the United States, available statistical evidence permits a common-sense inference that the numerosity requirement has been met in this matter.

56.     In addition, Plaintiff anticipates that the record evidence gathered during discovery will further demonstrate that Rule 23(a)(1) has been satisfied in this matter.

## TYPICALITY

57.     Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

---

[3] *See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, P70-131, CURRENT POPULATION REPORTS at 8, 17 (July 2012), *available at* http://www.census.gov/prod/2012pubs/p70-131.pdf; Erickson et al., 2015 Disability Status Report: United States at p. 10, Cornell University Yan Tan Institute on Employment and Disability (2016), *available at* http://www.disabilitystatistics.org/StatusReports/2015-PDF/2015-StatusReport_US.pdf.

58.     Plaintiff presents claims typical of those of the putative class members. Plaintiff and the class members' ability to access and independently use Defendant's stores has been impeded due to access barriers in the stores' interiors. These experiences are the result of Defendant's policies and practices, which are incapable of ensuring Defendant's stores are readily accessible. Like the putative class members, Plaintiff asserts that Defendant's operations facilitate and result in discrimination. Plaintiff's claims for declaratory and injunctive relief to remedy Defendant's violations of the ADA are typical of the claims of the putative class members because they all have been or will be denied access on the basis of Defendant's actions and failings.

59.     Furthermore, Plaintiff's interests align with the interests of the putative class because he and each class member seek injunctive relief requiring Defendant to make changes to its policies and procedures that are capable of ensuring Defendant's Pennsylvania stores become and remain compliant, and which relief would benefit all members of the proposed class.

**COMMON QUESTIONS OF FACT AND LAW**

60.     There is a well-defined community of interest and common questions of fact and law affecting members of the putative class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's stores and/or goods due to Defendant's failure to ensure its stores are readily, fully, and independently accessible and usable as above described. The questions of law and fact that are common to the class include:

a.  Whether Defendant operates places of public accommodation and are subject to Title III of the ADA and its implementing regulations;

b.  Whether storing merchandise and/or merchandise displays in interior aisles of the stores makes the stores inaccessible to Plaintiff and putative class members; and,

c.   Whether Defendant's policies and practices discriminate against Plaintiff and putative

class members in violation of Title III of the ADA and its implementing regulations.

61.    Whether and to what extent Defendant's policies and practices have caused ADA

violations presents a common question with only one answer: Defendant's policies and practices

either result in ADA violations or they do not. If Defendant's policies and practices facilitate

discrimination, then each class member is entitled to injunctive relief. On the other hand, if the

procedures do not result in these issues, then no class member is entitled to injunctive relief. Either

way, this proceeding will generate a common answer, the determination of which "will resolve an

issue… central to the validity of each one [of the class members'] claims in one stroke." *Wal-Mart*

*Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

62.    Plaintiff also anticipates the record evidence in this matter will establish factual and

legal issues common to Plaintiff and all class members.

## ADEQUACY OF REPRESENTATION

63.    Plaintiff is an adequate representative of the class because his interests do not

conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and

vigorously represent and protect the interests of the members of the class, and has no interests

antagonistic to the members of the class. Plaintiff has retained counsel who are competent and

experienced in the prosecution of class action litigation, generally, and who possess specific

expertise in the context of class litigation under the ADA.

64.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because

Defendant has acted or refused to act on grounds generally applicable to the class, making

appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

20

## CAUSE OF ACTION: VIOLATION OF THE ADA

65.     Kohl's has failed, and continues to fail, to provide individuals who use wheelchairs or scooters with full and equal enjoyment of its stores.

66.     Kohl's has discriminated against Plaintiff and the class in that Kohl's has failed to make its Pennsylvania stores fully accessible to, and independently usable by, individuals who use wheelchairs or scooters in violation of 42 U.S.C. § 12182(a) as described above, and for violations of Section 403.5.1 of the 2010 Standards.

67.     Kohl's has also failed to modify its policies, practices, or procedures when necessary to afford its goods, services, facilities, and/or accommodations to individuals with mobility disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii)

68.     Kohl's conduct is ongoing and continuous, and Plaintiff has been harmed by Kohl's conduct.

69.     Unless Kohl's is restrained from continuing its ongoing and continuous course of conduct, Kohl's will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

70.     Given that Kohl's has not complied with the ADA's requirements to make its Pennsylvania stores fully accessible to, and independently usable by, individuals who use wheelchairs or scooters, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the class, prays for:

a.      A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA, and the relevant implementing regulations of the ADA, in that Defendant's facilities are not fully accessible to and independently usable by individuals who use wheelchairs or scooters;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendant to take all steps necessary to remove the access barriers described above and to bring its Pennsylvania facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or scooters; (ii) directs Defendant to change its policies and practices to ensure its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or scooters; and (iii) directs that Plaintiff shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place;

c.      An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, and/or nominal damages; and,

f.      The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: March 6, 2020

Respectfully submitted,

**CARLSON LYNCH, LLP**

*/s/ R. Bruce Carlson*
R. Bruce Carlson
Kelly K. Iverson
Bryan A. Fox
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com
kiverson@carlsonlynch.com
bfox@carlsonlynch.com

*Attorneys for Plaintiff*