IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD J. MIGYANKO, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>KOHL'S CORPORATION *doing business as* KOHL'S,<br><br>*Defendant*. | Civil Action No. 2:20-cv-328<br><br>Hon. William S. Stickman IV |

### **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, District Judge

Plaintiff Ronald J. Migyanko ("Migyanko") brought this case on behalf of himself and others similarly situated against Defendant Kohl's Corporation ("Kohl's") alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101 *et seq*. (ECF No. 1). Migyanko and the alleged class are disabled individuals who use wheelchairs or other mobility devices. (ECF No. 1, ¶ 2). Migyanko alleges that Pennsylvania Kohl's stores are cluttered with merchandise, merchandise displays, and other items that block or narrow interior aisle pathways leaving less than thirty-two inches of clearance. (ECF No. 1, ¶¶ 1, 3). According to Migyanko, the cluttered and blocked aisles are unlawful access barriers and a deprivation of the basic civil rights guaranteed to people with disabilities by the ADA. He alleges that he has been "repeatedly denied full and equal access as a result of accessibility barriers existing in interior paths of travel." (ECF No. 1, ¶ 3). Migyanko notes that he seeks to address "persistently inaccessible conditions of [Kohl's] stores that are occurring because of [Kohl's] practices and policies of cluttering its stores with merchandise and other items within interior paths of travel."

1

(ECF No. 1, ¶ 5). Migyanko asserts class claims for a permanent injunction pursuant to Federal Rule of Civil Procedure 23(b)(2) to remove the barriers currently present at Kohl's stores and an injunction to modify the policies and practices that have created or allowed inaccessibility to affect Kohl's stores. (ECF No. 1).

Pending before the Court is Kohl's Motion to Dismiss or Alternatively Strike Class Action Allegations. (ECF No. 14). This matter is fully briefed and ripe for disposition.

## I. THE COURT DENIES THE MOTION TO DISMISS

### A. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Marcy Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement, but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts give rise to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

B. ANALYSIS

Kohl's argues that Migyanko fails to state a claim because Title III of the ADA does not impose any obligation on Kohl's "to implement policies to affirmatively seek out and correct any alleged ADA violations." (ECF No. 14, p. 1). It contends that Migyanko's claims stem from the "vague allegation" that "on information and belief, [Kohl's] is facilitating the discriminatory conditions within its Pennsylvania stores through the use of policies, procedures, and practices that are intended to encourage sales, maximize retail floor space, and to reduce operational burdens and/or costs." (ECF No. 14, p. 5). Thus, it contends that Migyanko's claim hinges on the legal theory that Kohl's "has an affirmative obligation to seek out potential ADA violations and prevent them from occurring." (ECF No. 14, p. 5). Migyanko responds that this is a blatant misrepresentation of his argument. He claims that he does not assert that Kohl's has a duty to "seek out and correct" potential ADA violations, but that it must correct existing access barriers in Kohl's stores as well as the "calculated policy and practice of intentionally placing such barriers in its interior paths of travel to generate profit and revenue." (ECF No. 16, p. 4).

"The ADA seeks to 'provides a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Mielo v. Steak 'N Shake Operations, Inc.*, 897 F.3d 467, 475 (3rd Cir. 2018) (quoting 42 U.S.C. § 12101). Title III

specifically prohibits discrimination[1] against the disabled in the full and equal enjoyment of any place of public accommodation. *Id.* (citing 42 U.S.C. § 12182(a)). It requires "places of public accommodation" to "remove architectural barriers … in existing facilities … where such removal is readily achievable" and to "design and construct facilities for first occupancy … that are readily accessible to and usable by individuals with disabilities, [unless] an entity can show that it is structurally impracticable to meet the requirements of such subsection." *Id.* (citing 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(1)).

To state a claim under Title III of the ADA, a plaintiff must show "(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 542-43 (W.D. Pa. 2013) (quoting *Harty v. Burlington Coat Factory of Pa.*, No. 11-01923, 2011 WL 2415169, at *9 (E.D. Pa. June 16, 2011)).

Upon review of Migyanko's Complaint, the Court denies Kohl's Motion to Dismiss. There is no dispute that Migyanko suffers from a disability, as defined by the ADA. Migyanko has alleged that he encountered various access barriers throughout Kohl's stores in Pennsylvania that included merchandise, merchandise displays, stocking carts, boxes, and other items, all precluding his ability to travel in his wheelchair. He further alleges that these barriers are purposely placed by Kohl's to increase sales revenue and profit. (ECF No. 1, ¶¶ 1-9, 46-48). At this preliminary stage, Migyanko has sufficiently pled facts that he has been denied "full and

---

[1] "Discrimination" is "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

equal access" to Kohl's goods and services. Therefore, the Motion to Dismiss for failure to state a claim is denied.

## II. THE COURT DENIES THE MOTION TO STRIKE CLASS ALLEGATIONS

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party." *Miller v. Group Voyagers*, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996) (citations omitted).

It is recognized that an order granting a motion to strike class allegations is tantamount to a denial of class certification after a motion to certify. Therefore, "[a] court's consideration of a motion to strike class allegations should not be analyzed under Rule 12(f), under which the movant [has] the burden of proof; rather, a court should consider a motion to strike class allegations under the pertinent provisions of Rule 23, which governs class certification." *In re Railway Indus. Employee No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). If a court is examining a motion to strike class allegations without any further evidence, "the court's consideration of defendants' argument that class certification is impossible as a matter of law is constrained by the applicable law and the allegations in the consolidated class action complaint." *Id*. at 497-98.

The Court of Appeals for the Third Circuit has acknowledged that there are a "rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met," although, "[i]n most cases, some level of discovery is essential."

*Landsman & Funk PC v. Skinder-Strauss Assoc.*, 640 F.3d 72, 93, 93 n.30 (3d Cir. 2011). With respect to whether class allegations should be stricken, "'the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.'" *Trunzo v. Citi Mortgage*, Civ. Action No. 11-1124, 2018 WL 741422, at *4 (W.D. Pa. Feb. 7, 2018) (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)). "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Id.* Stated another way, courts grant motions to strike under Rule 23(d)(1)(D) before class discovery only in "the rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Landsman*, 640 F.3d at 93, n. 30. Thus, plaintiffs have the burden to allege sufficient facts in the consolidated class action complaint to make a prima facie showing that the requirements of Rule 23 are satisfied or that at least discovery is likely to produce substantiation of the class allegations.

B. ANALYSIS

Kohl's initially argues that the Court should strike the class allegations under the principle of comity. It directs the Court's attention to the fact that the United States District Court for the Northern District of Illinois denied class certification in a case asserting ADA claims on behalf of a putative class of mobility-impaired persons who allegedly encountered inaccessible counters, restrooms, fitting rooms, and inadequate inaccessible parking at Kohl's stores. Plaintiffs contended that "Kohl's systematically denies customers who use wheelchairs and scooters full and equal enjoyment of their stores across the country." *Equal Rights Ctr. v. Kohl's Corp.*, No. 14 C 8259, 2017 WL 1652589, at *1 (N.D. Ill. May 2, 2017). Their motion for class certification was opposed by Defendants. The district court engaged in the rigorous

examination of the matter under Rule 23(a) determining that no evidence existed that Kohl's as a practice and policy, routinely required employees to ignore complaints or disregard "Shopability Standards" (i.e. Kohl's internal documents relating to store layout), and that the plaintiffs admitted that the obstructions they encountered could differ depending upon the store they visited as well as the day. Therefore, the district court found that plaintiffs failed to establish commonality. *Id.* at *2-*3. In addition, the district court found that the plaintiffs failed to meet their burden of establishing numerosity. The plaintiffs pointed to twelve individuals using mobility devices who had trouble accessing items in seventeen Kohl's stores based on the narrowness of the aisles. They also submitted a report from an architect who conducted a survey of sixteen Kohl's stores in Illinois, Indiana, and Wisconsin to ascertain compliance with Kohl's "Shopability Standards." Ultimately, the district court concluded that "simply because a store may have more aisles that are less than 36 inches does not necessarily lead to the conclusion that it was inaccessible to a person using a wheeled mobility device," and that the architect's report documenting the width of the aisles in sixteen Kohl's stores did not support a conclusion that individuals with mobility devices either visited those stores or were unable to access merchandise or facilities based on the width of an aisle. *Id.* at *3-*5. Lastly, the Court determined that an injunction was not the appropriate relief. *Id.* at *5.

While acknowledging that *Equal Rights Ctr.* involved a putative nationwide class versus this case involving a putative Pennsylvania state or regional class, Kohl's argues that "the bases for the court's denial of class certification apply equally to this case." (ECF No. 14, p. 9). Migyanko counters that there are many "material differences" between this case and *Equal Rights Ctr.*, including the fact that *Equal Rights Ctr.* sought to establish a national class while this case seeks to establish a class within Pennsylvania. (ECF No. 16, p. 13). He also notes that

rather than providing a "rigid definition of 36 [sic] inches for the width of aisles, [his] claim in this case challenge [Kohl's] access barriers under the general anti-discrimination mandate of the ADA." (ECF No. 16, p. 13). These differences and the fact that the parties in *Equal Rights Ctr.* had the benefit of discovery, Migyanko argues, are material enough that the class allegations should not be struck. Migyanko notes that district courts within the Third Circuit applying comity in denying certification only did so "after [having] the benefit of discovery" and only applied comity in their "rigorous analysis under Rule 23, not as a total bar to the possibility of class certification." (ECF No. 16, p. 13).

A respect for comity does not compel the Court to strike the class allegations at this juncture. In Judge Richard Posner's examination of comity, he remarked that "a weak notion of 'comity' … require[s] a court to pay respectful attention to the decision of another judge in a materially identical case, but no more than that even if it is a judge on the same court or a judge of a different court within the same judiciary." *Smentek v. Dart*, 683 F.3d 373, 377 (7th Cir. 2012). Even so, Judge Posner continued, noting the qualification that the cases must be "materially identical" and "even two class actions involving the same class may differ materially." *Id.* The Court finds that there are enough differences between the instant case and *Equal Rights Ctr.* to make dismissal based on comity inappropriate and to allow the class allegations to proceed to discovery. Most notable is the fact that the denial of class certification in *Equal Rights Ctr.* occurred after discovery with a fully developed record when the district court was presented with the plaintiffs' motion for class certification. Kohl's can certainly renew their arguments, as appropriate, when (and if) Migyanko moves for class certification.

Kohl's also argues that Migyanko's allegations in his Complaint establish that he cannot satisfy numerosity or commonality under Rule 23(a) and that he cannot satisfy Rule 23(b)(2). In

8

order to be certified, a class must satisfy the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition to satisfying the four requirements set forth in Rule 23(a), the class must fit within one of the three types of class actions set forth in Rule 23(b). *Mielo*, 897 F.3d at 482.

The Court concludes that this is not one of the "rare" cases where the Complaint itself demonstrated that the requirements for maintaining a class action cannot be met. This case is distinct from cases cited by Kohl's where courts have struck class definitions prior to discovery or class certification. Migyanko's Complaint adequately defines the class membership and its claims. While Kohl's may ultimately be correct regarding the inadequacy of Migyanko's class certification, the Court will deny the motion to strike the class allegations at this time. Procedurally, this case is in its infancy and the Court does not believe it appropriate to strike the class allegations prior to discovery. This denial is without prejudice to Kohl's right to raise the issue under Rule 23, assuming Migyanko files a motion for class certification.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss or Alternatively to Strike Class Action Allegations (ECF No. 14). An Order of Court will follow.

BY THE COURT:

_/s/ William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE